RECEIVED

JAN - 6 2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

GARRY D. GIBBS,                                    )
                                                   )
                  Plaintiff,                       )      **1:26-cv-00003 ACL**
                                                   )
                                                   )
v.                                                 )
                                                   )
**CITY OF SIKESTON**, a municipal corporation      )
                                                   )
**SCOTT COUNTY RURAL FIRE**                        )
**PROTECTION DISTRICT,**                           )
a municipal corporation                            )
                                                   )
                                                   )

**SHANNON KELLER**
Being sued individual and official capacities

**JERENCE DIAL**
Being sued individual and official capacities

**KIM SCOTT**
Being sued individual and official capacities

**JOHN DOE 1-6**
Being sued individual and official capacities

                  Defendants.

---

**ORIGINAL CIVIL COMPLAINT**
(JURY TRIAL DEMANDED)

---

## I.    INTRODUCTORY STATEMENT

1.  This is a civil action arising from events on January 8, 2021, in which Defendants, acting under color of state law, entered and occupied Plaintiff's residence following a 911 call regarding a possible chimney fire, and thereafter caused extensive and unnecessary damage to Plaintiff's home during fire suppression and inspection activities.

2. Plaintiff previously filed Case No. 1:23-cv-00006-SNLJ. On July 25, 2025, the Court dismissed that action without prejudice and without adjudicating the merits of Plaintiff's state-law claims or foreclosing the filing of a new civil action. This Original Complaint is filed as a new action and corrects the pleading deficiencies identified by the Court in its Memorandum and Order.

## II.    JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 for claims arising under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

4. This Court has supplemental jurisdiction over Missouri state-law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that all Defendants reside in this judicial district and a substantial part of the events and omissions giving rise to this claim occurred within the Eastern District of Missouri.

## III.    PARTIES

6. Plaintiff, Garry D. Gibbs, is a fifty-five (56) year old African American male who resides at 4128 Cleveland Ave, Saint Louis, Missouri 63110.

7. Plaintiff Garry D. Gibbs at the time of the events described herein, Plaintiff was fifty-one (51) years old, the owner and lawful occupant of the single-family residence at 410 Ruth Street, Sikeston, Missouri, 63801.

8. Defendant CITY OF SIKESTON, MISSOURI located at 105 E. Center St., Sikeston, Missouri 63801 is a municipal corporation responsible for the training, supervision, and policies governing its police officers and firefighters.

9. Defendant KIM SCOTT business is located at, the City of Sikeston at 105 E. Center St., Sikeston, MO 63801 was, at all relevant times, a City of Sikeston police officer who responded to the scene and restricted Plaintiff's access to his residence.

10. Defendant SHANNON KELLER business is located at, the City of Sikeston at 105 E. Center St., Sikeston, MO 63801was, at all relevant times, a City of Sikeston firefighter who entered Plaintiff's residence, physically blocked Plaintiff from entry, and used physical force against Plaintiff.

11. Defendant JERENCE DIAL business is located at, 220 N. Hawkins, Blodgett, Missouri, 63824 was, at all relevant times, an officer who coordinated the response, requested additional fire units, and declined to intervene despite Plaintiff's repeated objections.

12. Defendants JOHN DOE FIREFIGHTERS 1–4 business is located at, the City of Sikeston at 105 E. Center St., Sikeston, MO 63801are firefighters assigned to the City of Sikeston whose identities are currently unknown and who personally performed roof cuts, attic entry, and interior demolition during fire suppression and overhaul operations. Plaintiff will amend this Complaint to substitute their true names when discovered.

13. Defendants JOHN DOE FIREFIGHTERS 5–6 business is located at 220 N. Hawkins, Blodgett, Missouri, 63824 are firefighters assigned to the Scott County Rural Fire Protection District whose identities are currently unknown and who personally performed roof cuts, attic entry, and interior demolition during fire suppression and overhaul operations. Plaintiff will amend this Complaint to substitute their true names when discovered.

14. Defendant SCOTT COUNTY RURAL FIRE PROTECTION DISTRICT ("Scott County Rural FPD") is a political subdivision organized under Missouri law, responsible for providing fire protection services in Scott County, Missouri, including mutual aid responses within the City of Sikeston. At all relevant times, Scott County Rural FPD acted under color of state law through its firefighters and officers.

## IV.    FACTUAL ALLEGATIONS

15. On January 8, 2021, Plaintiff lit a fire in his fireplace and later extinguished it with water.

16. A third party placed a 911 call reporting smoke from Plaintiff's chimney.

17. Defendant Scott arrived first and, despite Plaintiff's statements that the fire was extinguished, prevented Plaintiff from reentering his home.

18. Defendant Keller and multiple firefighters entered Plaintiff's residence without Plaintiff's consent and remained inside while searching for attic access.

19. After attic access was identified, firefighters ascended to the roof and cut ventilation holes directly above the fireplace and into the attic structure.

20. Following the roof cuts, flames became visible in areas previously not burning, and fire spread into the attic space.

21. Firefighters delayed active suppression for several minutes after flames became visible, while additional structural cuts were made.

22. The resulting fire and water damage rendered large portions of Plaintiff's home uninhabitable.

23. Defendant Keller physically pushed Plaintiff away from the residence when Plaintiff attempted to approach, causing injury to Plaintiff's shoulder.

24. Defendants Scott and Dial observed Plaintiff's objections and Keller's conduct and took no steps to stop the continued property destruction or use of force.

### COUNT I – FOURTH AMENDMENT (UNREASONABLE SEIZURE OF PROPERTY)
(42 U.S.C. § 1983 – Against Individual Defendants)

22. Plaintiff realleges paragraphs 1–21.

23. While initial entry to investigate a reported fire may have been justified, Defendants' continued destruction of Plaintiff's property through excessive roof cuts, interior demolition, and delayed suppression constituted an unreasonable seizure of property not justified by exigent circumstances.

24. Each individual Defendant personally participated in or caused this unreasonable seizure.

### COUNT II – EXCESSIVE FORCE
(42 U.S.C. § 1983 – Against Keller)

25. Defendant Keller used physical force against Plaintiff by forcibly pushing him away from his residence without lawful justification, causing injury.

### COUNT III – MUNICIPAL LIABILITY (MONELL)
(42 U.S.C. § 1983 – Against City of Sikeston)

26. The City of Sikeston maintained policies, customs, or practices that were the moving force behind the constitutional violations, including:
a. A practice of permitting firefighters to perform ventilation and overhaul without adequate safeguards against unnecessary property destruction;
b. Failure to train firefighters and officers on constitutional limits governing property seizure during post-fire operations;
c. Failure to supervise or discipline personnel for excessive property damage during prior fire responses.

27. The City of Sikeston was deliberately indifferent to the predictable risk that such failures would result in unconstitutional seizures of private property.

### COUNT III-A – MUNICIPAL LIABILITY (STATE LAW)
(Against Scott County Rural Fire Protection District)

28. Scott County Rural Fire Protection District, through its governing body, maintained policies or customs governing fire suppression and overhaul activities that foreseeably resulted in unnecessary and excessive property damage, and is liable under Missouri law for the tortious conduct of its firefighters acting within the scope of employment.

## COUNT IV – TRESPASS AND PROPERTY DAMAGE
(Missouri Law – Against All Defendants)

28. Defendants entered and remained on Plaintiff's property and caused damage beyond that reasonably necessary to address the reported emergency.

## COUNT V – NEGLIGENCE
(Missouri Law – Against All Defendants)

29. Defendants breached duties of reasonable care in fire suppression and inspection, directly causing Plaintiff's damages.

## DAMAGES

30. Plaintiff seeks compensatory damages, costs, interest, and such other relief as the Court deems just.

## JURY DEMAND

31. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment in his favor and all appropriate relief.

Respectfully submitted,

06 JAN 2026

Garry D. Gibbs
Plaintiff Pro Se
4128 Cleveland Ave.
Saint Louis, MO 63110
(314) 922-4850
cassq11@gmail.com