UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:26-cv-00003-SNLJ |
| | ) | |
| CITY OF SIKESTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Gary Gibbs, proceeding *pro se*, filed this lawsuit alleging that defendants entered his residence in response to a 911 call on January 8, 2021, and caused extensive and unnecessary damage during fire suppression and inspection activities. [Doc. 1]. Plaintiff previously filed a lawsuit against the same defendants regarding the events of January 8, 2021. *See Gibbs v. City of Sikeston, et al.*, case no. 1:23-cv-00006-SNLJ (E.D.Mo.) ("*Gibbs I*"). Despite being given four opportunities to plead a cause of action, he failed to allege a plausible constitutional claim, and the case was dismissed. *Id.* at [Docs. 129, 130]. Plaintiff did not appeal. Instead, he chose to refile his claim in a new action. [Doc. 1, ¶ 2]. This matter is now before the Court on a motion to dismiss filed by defendants City of Sikeston, Shannon Keller, Jerence Dial, and Kim Scott (collectively, the "Sikeston defendants") and on motions filed in response by plaintiff.[1] For the reasons stated below, the motion to dismiss is granted and plaintiff's motions are denied.

---

[1] Additional defendants include the Scott County Rural Fire Protection District, which has neither been served nor entered an appearance, and John Does 1-6. [Doc. 1].

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a case for failure to state a claim. When considering a Rule 12(b)(6) motion, the court assumes the plaintiff's factual allegations are true and draws all reasonable inferences in the plaintiff's favor. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) motion, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although *pro* se complaints must be liberally construed, they must still contain sufficient facts to support the claims advanced, and the court will not assume facts that are not alleged. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

## II. BACKGROUND

Plaintiff brings claims under 42 U.S.C. § 1983 and state law against 5 named defendants and 6 Doe defendants. He makes the following allegations in the Complaint, which consists of five counts. [Doc. 1].

### *Parties*

Defendant City of Sikeston is responsible for the training, supervision, and policies governing its police officers and firefighters. [Doc. 1, ¶ 8]. Defendant Kim Scott, a City of Sikeston police officer, responded to the scene and restricted plaintiff's access to his residence. [*Id.* at ¶ 9]. Defendant Shannon Keller, a City of Sikeston firefighter, entered plaintiff's residence, physically blocked plaintiff from entering, and used physical force against plaintiff. [*Id.* at ¶ 10]. Defendant Jerence Dial, an officer, coordinated the response, requested additional fire units, and declined to intervene despite plaintiff's repeated objections. [*Id.* at ¶ 11]. Defendants John Doe 1-4 are City of Sikeston firefighters "who personally performed roof cuts, attic entry, and interior demolition during fire suppression and overhaul operations." [*Id.* at ¶ 12]. Defendants John Doe 5-6 are Scott County Rural Fire Protection District firefighters "who personally performed roof cuts, attic entry, and interior demolition during fire suppression and overhaul operations." [*Id.* at ¶ 13]. Defendant Scott County Rural Fire Protection

District is a political subdivision responsible for providing fire protection services in Scott County, Missouri, including mutual aid responses with the City of Sikeston. [*Id.* at ¶ 14].

***General Allegations***

On January 8, 2021, plaintiff lit a fire in his fireplace and later extinguished it with water. [*Id.* at ¶ 15]. A third party called 911 reporting smoke coming from plaintiff's chimney. [*Id.* at ¶ 16]. Defendant Scott arrived first, and despite plaintiff's statements that the fire was extinguished, prevented plaintiff from reentering his home. [*Id.* at ¶ 17]. Defendant Keller and multiple firefighters entered plaintiff's residence without plaintiff's consent and remained inside while searching for attic access. [*Id.* at ¶ 18]. After identifying attic access, firefighters ascended to the roof and cut ventilation holes directly above the fireplace and into the attic structure. [*Id.* at ¶ 19]. After the roof cuts, flames became visible in areas that had not been burning, and the fire spread into the attic space. [*Id.* at ¶ 20]. Firefighters delayed active suppression for several minutes after flames became visible, while additional structural cuts were made. [*Id.* at ¶ 21]. The resulting fire and water damage rendered large portions of plaintiff's home uninhabitable. [*Id.* at ¶ 22].

Defendant Keller pushed plaintiff away from the residence when plaintiff attempted to approach, injuring plaintiff's shoulder. [*Id.* at ¶ 23]. Defendants Scott and Dial observed plaintiff's objections and Keller's conduct but took no steps to stop the ongoing property destruction or use of force. [*Id.* at ¶ 24].

***Count I – Fourth Amendment (Individual defendants)***

Plaintiff alleges an unreasonable seizure of his property by the defendants. [*Id.* at p. 4]. Specifically, he alleges, "[w]hile initial entry to investigate a reported fire may have been justified, defendants' continued destruction of plaintiff's property through excessive roof cuts, interior demolition, and delayed suppression constituted an unreasonable seizure of property not justified by exigent circumstances." [*Id.* at ¶ 23]. "Each individual defendant personally participated in or caused this unreasonable seizure." [*Id.* at ¶ 24].

***Count II – Excessive Force (defendant Keller)***

Plaintiff alleges that defendant Keller "used physical force against plaintiff by forcibly pushing him away from his residence without lawful justification, causing injury." [*Id.* at ¶ 25].

***Count III – Municipal Liability***

***City of Sikeston***

Plaintiff alleges that the City of Sikeston maintained policies, customs, or practices that were the moving force behind the constitutional violations, including:

(1) (1) A practice of permitting firefighters to perform ventilation and overhaul without adequate safeguards to prevent unnecessary property destruction.

(2) Failure to train firefighters and officers on the constitutional limits governing property seizure during post-fire operations.

(3) 3) Failure to supervise or discipline personnel responsible for excessive property damage during prior fire responses.

[*Id.* at ¶ 26]. The City of Sikeston was "deliberately indifferent to the predictable risk

that such failures would result in unconstitutional seizures of private property." [*Id.* at ¶ 27].

***Scott County Rural Fire Protection District***

Scott County Rural Fire Protection District, through its governing body, "maintained policies or customs governing fire suppression and overhaul activities that foreseeably resulted in unnecessary and excessive property damage, and is liable under Missouri law for the tortious conduct of its firefighters acting within the scope of [their] employment." [*Id.* at ¶ 28].

***Count IV – Trespass and Property Damage (Missouri law – All defendants)***

Plaintiff alleges that "[d]efendants entered and remained on plaintiff's property and caused damage beyond that reasonably necessary to address the reported emergency." [*Id.* at ¶ 28].[2]

***Count V – Negligence (Missouri law – All defendants)***

Plaintiff alleges that defendants "breached duties of reasonable care in fire suppression and inspection, directly causing plaintiff's damages." [*Id.* at ¶ 29].

## III. DISCUSSION

The Complaint consists of conclusory allegations and is devoid of ***factual*** support for the claims plaintiff purports to bring against the defendants. The essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir.

[2] There are two paragraphs numbered 28 – one under Count III and one under Count IV.

2014). In that regard, a plaintiff must ***specify each defendant's role*** so that each defendant is put on notice of what they are accused of doing. *Id.* (emphasis added). "A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Boggs v. Am. Optical Co.*, No. 4:14-cv-1434-CEJ, 2015 WL 300509, at *2 (E.D. Mo. Jan. 22, 2015). A pleading in which a plaintiff asserts claims against a group of defendants "without facts specific enough that those defendants can respond to the allegations does not comport with even the most generous reading of Rule 8(a)." *Id.*

In addition to the notice requirement, a plaintiff bringing a § 1983 claim must allege that a defendant, through their own actions, violated the Constitution. *Iqbal*, 556 U.S. at 676. "Section 1983 does not sanction tort by association." *Smith v. City of Minneapolis*, 754 F.3d 541, 547 (8th Cir. 2014) (cleaned up). Instead, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). It is not sufficient for a plaintiff to make broad allegations against a group of defendants, or to make allegations against one person and simply impute responsibility for those actions to others. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of defendants named in the complaint where there were no allegations of their personal involvement in the alleged constitutional violations). When multiple defendants are involved, the plaintiff must specify each defendant's role in the alleged harm. *See Majors v. Trout*, No. 1:24-cv-22 SNLJ, 2024 WL 2250374, at *5 (E.D. Mo. May 17, 2024) (finding plaintiff's broad sweeping

allegations of constitutional violations against seventeen defendants failed to state a claim). Each defendant's conduct must be evaluated separately, and there must be "a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Because the Complaint fails to allege sufficient facts to support the conclusory claims made by plaintiff and fails to state each defendant's personal involvement in the alleged misconduct, it fails to state a claim for relief that is plausible on its face against any defendant. On this basis alone, the claims must be dismissed. That said, the Court will address the deficiencies in the § 1983 claims in more detail, as they are the basis for jurisdiction in this Court.

**A. Count I - Fourth Amendment (Individual defendants)**

Under the Fourth Amendment, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The Fourth Amendment applies in both civil and criminal contexts. *Soldal v. Cook Cnty.*, 506 U.S. 56, 66 (1992). A seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobson*, 466 U.S. 109, 113 (1984). However, a seizure alone does not violate the Fourth Amendment. "[I]n determining whether a government seizure violates the Fourth Amendment, the seizure must be examined for its overall reasonableness." *Samuels v. Meriwether*, 94 F.3d 1163, 1167 (8th Cir. 1996) (citing *Soldal*, 506 U.S. at 71). "An action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the

circumstances, viewed objectively, justify the action." *United States v. Klump*, 536 F.3d 113, 118 (2nd Cir. 2008) (cleaned up).

Without question, the agencies and personnel responding to a 911 call about a house fire did not violate the Fourth Amendment by entering plaintiff's property without his permission. A burning building creates an exigency that justifies warrantless entry. *Michigan v. Tyler*, 436 U.S. 499, 510 (1978). Further, "[n]othing in the Fourth Amendment require[s] [firefighters] to wait until they [see] actual smoke or flames to enter a building that they reasonably believed might be on fire …. Nor is it relevant that no fire or smoke was found." *Klump*, 536 F.3d at 118. Additionally, "an immediate threat that the blaze might rekindle presents an exigency that would justify a warrantless and nonconsensual post-fire investigation." *Michigan v. Clifford*, 464 U.S. 287, 293 n.4 (1984). Officials may "remain in a building for a reasonable time to investigate the cause of a blaze after it has been extinguished." *Tyler*, 436 U.S. at 510. "Fire officials are charged not only with extinguishing fires, but with finding their causes." *Id.*

Plaintiff alleges "[w]hile initial entry to investigate a reported fire may have been justified, defendants' continued destruction of plaintiff's property through excessive roof cuts, interior demolition, and delayed suppression constituted an unreasonable seizure of property not justified by exigent circumstances." [Doc. 1 at ¶ 23]. This bare-bones, conclusory allegation fails to state a plausible Fourth Amendment claim. Moreover, there are no allegations that defendants Scott, Keller, or Dial participated in or were directly responsible for the destruction of property during the fire suppression efforts. For these reasons, the Complaint fails to state a plausible Fourth Amendment claim against

defendants Scott, Keller, and Dial.

**B. Count II – Excessive Force (defendant Keller)**

"The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person." *Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005). But "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (cleaned up). Rather, an officer's use of force is not excessive under the Fourth Amendment unless it was "objectively unreasonable under the particular circumstances." *Watkins v. City of St. Louis, Missouri*, 102 F.4th 947, 951 (8th Cir. 2024).

Plaintiff alleges that defendant Keller, in his capacity as a firefighter, "used physical force against plaintiff by forcibly pushing him away from his residence without lawful justification, causing injury." [Doc. 1 at ¶ 25]. According to the plaintiff, he attempted to enter his residence during active fire suppression efforts and/or an investigation. Plaintiff has not alleged facts to support a reasonable inference that the amount of force used was objectively unreasonable under the particular circumstances. As such, the Complaint fails to state a plausible excessive force claim against defendant Keller.

**C. Count III – Municipal Liability**

Because plaintiff has not sufficiently pled a deprivation of a constitutional right in Counts I and II, his municipal liability claim fails on that ground alone. *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016) ("In order for municipal liability to

attach, individual liability first must be found on an underlying substantive claim.”). Even if the plaintiff had sufficiently pled a deprivation of a constitutional right, he fails to allege facts supporting a municipal liability claim.

A municipality can be held liable for a constitutional violation only if the violation results from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dep’t of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). To assert a *Monell* official policy claim, a plaintiff must allege facts showing that a deprivation of his constitutional rights was caused by an official policy of the municipality. *Ball-Bey v. Chandler*, 415 F. Supp. 3d 884, 893 (E.D. Mo. 2019). Plaintiff has not identified any policy of the City of Sikeston that he claims led to a violation of a constitutional right. Therefore, he fails to state a *Monell* official policy claim.

To state a *Monell* custom claim, a plaintiff must allege facts showing:

> a) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by a municipality’s employees;
>
> b) Deliberate indifference to or tacit authorization of such conduct by the municipality’s policymaking officials after notice of that misconduct; and
>
> c) That [the plaintiff] was injured by acts pursuant to the municipality’s custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep’t*, 725 F.3d 825, 828 (8th Cir. 2013) (cleaned up). “The pattern of unconstitutional conduct must be so pervasive and widespread so as to have the effect and force of law.” *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (cleaned up). A pattern requires similarity and specificity of numerous prior

incidents of the specific violation at issue. *Ball-Bey*, 415 F. Supp. 3d at 895 (E.D. Mo. 2019) (citing *Peterson v. Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009)).

Plaintiff cites no other incident of the alleged unconstitutional conduct at issue to support a pattern of misconduct. Because plaintiff fails to allege facts showing a continuing, widespread, and persistent pattern of unconstitutional misconduct, his *Monell* custom claim fails.

Plaintiff's failure to train or supervise claim fares no better. To state a failure to train claim, a plaintiff must allege facts showing:

> a) The municipality's training practices were inadequate;
>
> b) The municipality was deliberately indifferent to the rights of others in adopting these training practices, and the failure to train was a result of deliberate and conscious choices it made; and
>
> c) The training deficiencies caused constitutional deprivation.

*Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). To plead deliberate indifference, a plaintiff must allege that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). "A pattern of similar constitutional violations by untrained employees is *'*ordinarily necessary*'* to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). "Only where a failure to train reflects a *'*deliberate*'* or *'*conscious*'* choice by a municipality . . . can a city be liable for such a failure under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

Plaintiff fails to allege facts showing a pattern of constitutional violations. *See*

*Ulrich*, 715 F.3d at 1061 (affirming the district court's dismissal of the *Monell* failure to train or supervise claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights). He also fails to provide any facts showing deficiencies in the City of Sikeston's training program. Instead, he makes broad claims of inadequate training or supervision without alleging facts to support them. Such broad allegations are insufficient to state a claim. *See, e.g., Jiang v. Porter*, 156 F. Supp. 3d 996, 1009 (E.D. Mo. 2015) (dismissing failure to train claim where "[t]he complaint simply states that the City's failure to train and supervise the police defendants 'reflected the City of St. Louis's deliberate indifference ... toward the constitutional rights of persons' with whom the police defendants would come into contact, without factual allegations to demonstrate the City adopted deficient or supervision or training practices or had actual or constructive notice of a pattern of unconstitutional acts committed by its police officers."). Without factual allegations that the City of Sikeston had notice that its training or supervision was inadequate before the event at issue, this claim fails. *See Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1216-1217 (8th Cir. 2013).

Furthermore, plaintiff fails to identify any specific deficiencies in the individual defendants' training. Without facts about what training the individual defendants did or did not receive, plaintiff fails to sufficiently plead that a failure to train or supervise caused any alleged constitutional violation. *Ball-Bey*, 415 F. Supp. 3d at 900.

Although the Scott County Rural Fire Protection District has not been served and has not filed a motion to dismiss, the Court will *sua sponte* consider the viability of the

claim in Count III against it. First, the Scott County Rural Fire Protection District is not subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments and subdivisions of local government are not suable entities under § 1983); *Vonneedo v. Dennis*, No. 1:18cv34 HEA, 2018 WL 2095702, at *2 (E.D. Mo. May 7, 2018) ("Plaintiff's claims against the Sikeston Department of Public Safety will be dismissed because the Sikeston Department of Public Safety, as a department or subdivision of City government, is not an entity subject to a lawsuit under federal law."). The Scott County Rural Fire Protection District was dismissed for the same reason in *Gibbs I*. As a result, plaintiff was well aware that he could not bring a § 1983 claim against it. Moreover, even if the Scott County Rural Fire Protection District was subject to suit under § 1983, the Complaint is devoid of factual allegations to support a *Monell* claim against it.

**D. Doe defendants**

Counts I, IV, and V assert claims against six Doe defendants. This case was filed on January 6, 2026, but nine months later, the Doe defendants remain unidentified and unserved. Further, *Gibbs I* remained pending for over two and a half years, during which plaintiff and defendants engaged in discovery. *See Gibbs I* at [Docs. 79, 108, 109]. Plaintiff filed exhibits in *Gibbs I*, including detailed reports from the Sikeston Department of Public Safety. [Doc. 90]. Plaintiff has had more than sufficient time to identify the Doe defendants. Under these circumstances, the Doe defendants will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**E. Counts IV and V State law claims**

Without a viable federal claim, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction.").

**F. Plaintiff's motions**

Plaintiff did not file a timely response to the motion to dismiss but later filed a Motion for Leave to File Opposition Out of Time [Doc. 11]. The Court has reviewed and considered the arguments made therein in opposition to the motion to dismiss. Plaintiff also filed a Motion for Leave to File First Amended Complaint [Doc. 15], which the Sikeston defendants oppose [Doc. 16]. Parties do not have an absolute right to amend their pleadings. *United States ex rel. Lee v. Fairview Health Sys.,* 413 F.3d 748, 749 (8th Cir. 2005). Federal Rule of Civil Procedure 15 provides that "leave to amend a complaint 'shall be freely given when justice so requires,' but the granting of such a motion is left to the discretion of the district court." *Kaufmann v. Sheehan*, 707 F.2d 355, 357 (8th Cir. 1983) (quoting Fed. R. Civ. P. 15(a)).

The court may deny leave to amend for several reasons, including failure to follow procedural rules. *See Ellis v. City of Minneapolis*, 518 F.App'x. 502, 505 (8th Cir. 2013). Here, plaintiff failed to comply with Local Rule 4.07, which requires that "[a]ll new material in the amended pleading must be underlined and all material being removed must be struck through."

Further, a court may deny leave to amend on the grounds of "undue delay, bad

faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 715 (8th Cir. 2008). An amendment is futile if it fails to state claims that would withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cornelia I. Crowell GST Trust v. Possis Medical, Inc*, 519 F.3d 778, 781–82 (8th Cir. 2008).

Under these circumstances, the Court will not grant plaintiff leave to amend. Plaintiff's prior lawsuit was pending for over two and a half years, during which he filed four complaints. By filing this new lawsuit, he made a fifth attempt to plead a plausible claim and now seeks a sixth through his proposed First Amended Complaint. The Court has reviewed the proposed First Amended Complaint [Doc. 15-1] and finds it suffers from the same deficiencies as the Complaint discussed *supra*. It is replete with conclusory statements devoid of factual support and formulaic recitation of the elements of the claims plaintiff purports to assert against the defendants.

There are no factual allegations in the proposed First Amended Complaint that alter the Court's analysis of the § 1983 claims plaintiff seeks to assert against the defendants. To the extent he seeks to add a due process claim against all defendants (Doc. 15-1 at p. 8), the First Amended Complaint fails to allege sufficient facts to support such a claim. The Court addressed this issue in *Gibbs I*. *See Gibbs I* at [Doc. 129].

Plaintiff has had ample time and opportunity to plead his claims. The claims in the Complaint and the proposed First Amended Complaint fail because plaintiff relies on conclusory statements unsupported by facts and broad allegations against the defendants

collectively. Although a pro se complaint must be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys, it must contain sufficient facts to support the claims asserted.

## IV. CONCLUSION

For the reasons stated, this case will be dismissed in its entirety. The § 1983 claims in Counts I, II, and III will be dismissed with prejudice, and the state law claims in Counts IV and V will be dismissed without prejudice because the Court did not reach the merits of those claims.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [Doc. 6] filed by defendants **City of Sikeston, Shannon Keller, Jerence Dial, and Kim Scott** is **GRANTED** as to **Counts I, II, and III** and those claims are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the § 1983 claims in **Counts I, II, and III** against the **Scott County Rural Fire Protection District** are **DISMISSED with prejudice** because it is not subject to suit under § 1983.

**IT IS FURTHER ORDERED** that John Does 1-6 are **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that because there is no viable § 1983 claim to establish jurisdiction in this Court, the Court **DECLINES** to exercise supplemental jurisdiction over the state law claims in **Counts IV and V**, and those claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File Opposition Out of Time [Doc. 11] is **GRANTED** to the extent that the Court has considered the arguments made therein in opposition to the motion to dismiss, but all other requested relief is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File First Amended Complaint [Doc. 15] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reissuance of Summons and Extension of Time to Complete Service [Doc. 8] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** in its entirety and the Clerk of Court is directed to **CLOSE** the case. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER CERTIFIED** that an appeal from this Order would not be taken in good faith.

**SO ORDERED** this 17th day of September, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE